# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION

## CIVIL NO. 1:05CV59
## (1:01CR52-6)

| | |
|---|---|
| ESTEBAN GARCIA, SR., ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **MEMORANDUM AND ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** is before the Court on the Petitioner's motion pursuant to 28 U.S.C. § 2255 to vacate, set aside or correct his sentence, filed March 9, 2005, and his motion to supplement the record filed August 8, 2005. No response is necessary from the Government.

A prisoner in federal custody may attack his conviction and sentence on the grounds that it is in violation of the Constitution or United States law, was imposed without jurisdiction, exceeds the maximum penalty, or is otherwise subject to collateral attack. **28 U.S.C. § 2255.** However,

> [i]f it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court, the judge

shall make an order for its summary dismissal and cause the movant to be notified.

**Rule 4, Rules Governing Section 2255 Proceedings for the United States District Courts.** The Court, having reviewed the record of criminal proceedings, enters summary dismissal for the reasons stated herein.

## I. PROCEDURAL HISTORY

On August 6, 2001, the Petitioner was charged along with 13 co-defendants with conspiracy to possess with intent to distribute cocaine and methamphetamine, in violation of 21 U.S.C. §§ 846, 841(a)(1), 841(b)(1), and 856. **Bill of Indictment, filed August 6, 2001.** The Government also filed an information alleging that at least 5 kilograms of a mixture or substance containing a detectable amount cocaine and at least 1.5 kilograms of a mixture or substance containing a detectable amount of methamphetamine were involved in the conspiracy. **Information pursuant to 21 U.S.C. § 841(b), filed August 6, 2001.** The Petitioner proceeded to trial and was found guilty by jury verdict of the conspiracy charge in the indictment. **Verdict Sheet, filed November 16, 2001.** The jury also answered the specific interrogatories finding the conspiracy involved at least 5 kilograms of a mixture or substance containing a detectable amount

3

of cocaine and at least 50 grams of a mixture or substance containing a detectable amount of methamphetamine. *Id.* On August 21, 2002, the undersigned sentenced the Plaintiff to a term of 262 months imprisonment. **Judgment in a Criminal Case, filed August 27, 2002.** The Plaintiff appealed his conviction and sentence; both were affirmed by the Fourth Circuit Court of Appeals and the United States Supreme Court denied Plaintiff's petition for a *writ of certiorari*. **United States v. Sisk, 87 F. App'x 323 (4th Cir.),** *cert. denied,* **541 U.S. 1090 (2004).**

On March 9, 2005, Petitioner timely filed this § 2255 motion raising numerous grounds which are addressed sequentially.

## II. STANDARD OF REVIEW

In considering Petitioner's claims that he has not received adequate assistance of counsel,

> [f]irst, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

4

*Strickland v. Washington*, 466 U.S. 668, 686 (1984).  Unless a defendant makes both showings, his claim of ineffective assistance of counsel must fail. *Id.*  Thus, a defendant must show that counsel's performance fell below objective standards of reasonableness, and, that but for his conduct, there was a reasonable probability the result would have been different. *Id.*, at 688; *Hill v. Lockhart*, 474 U.S. 52 (1985).

### III. DISCUSSION

Petitioner first contends that his trial counsel was ineffective for "fail[ing] to investigate and present witnesses of [his] alibi that could have made a difference in the outcome [of the trial]." **Petitioner's Motion, at 5.** However, he does not assert that there was in fact such a witness who could testify in support of an alibi, that he ever mentioned the existence of such a witness to his attorney, or that he requested a subpoena be issued for this witness.  What does appear in the record is the testimony of several co-defendants who testified at the Petitioner's trial regarding his presence and active participation in the ongoing conduct of the conspiracy on numerous occasions.  In view of the overwhelming evidence of Petitioner's active participation in the affairs of the conspiracy and his

5

apparent failure to notify his trial counsel of an alibi witness, his attorney cannot be found to have been ineffective for his failure to investigate and pursue a futile course of action.

Petitioner also finds fault with appellate counsel for failing to challenge "the application of § 841(a) subsection for sentencing purpose[s] with the specific drug weight convicted of at trial for Guideline range." **Petitioner's Motion, *supra*.**

Subsection (a) of § 841 sets forth the unlawful acts regarding the manufacture, distribution, dispensing or possessing with intent to manufacture, distribute or dispense controlled substances and counterfeit substances. Subsection (b), however, sets forth the punishment for a violation of § 841 and is apparently the subsection to which Petitioner is referring. Assuming so, Petitioner challenges the Information filed by the Government in which it is alleged that the conspiracy involved "at least 5 kilograms of a mixture or substance containing a detectable amount of cocaine [and] at least 1.5 kilograms of a mixture or substance containing a detectable amount of methamphetamine." **Information pursuant to 21 U.S.C. § 841(b), *supra*.** However, the jury, in answering the special interrogatories contained on the verdict sheet, determined that the

7

methamphetamine quantity is sufficient, the argument about insufficient cocaine quantity is moot.

**Sisk, 87 F. App'x at 327 (quoting United States v. Alvarez, 351 F.3d 126, 130 (4th Cir. 2003)) (other citations omitted).** The Court finds that because trial or appellate counsel objected to drug weights and/or drug amounts at both the trial or appellate levels, they were not ineffective as alleged by the Petitioner. **See, Transcript of Continuation of Sentencing Proceedings, held August 21, 2002, filed October 8, 2002; Sisk, supra.**

Petitioner next contends that the indictment did not "charge[] a specific subsection of § 841(b)(1) (A), (B), or (C) and the drug amount findings alone cannot automatically put [him] under the most aggressive subsection for sentencing purpose[s] if the indictment is lacking of such subsection." **Petitioner's Motion, at 5.** If the Petitioner is contending that the indictment fails to adequately charge the crime of which he was convicted, the Court is aware that "'[i]t is elementary that every ingredient of crime must be charged in the bill, a general reference to the provisions of the statute being insufficient.'" **United States v. Spruill, 118 F.3d 221, 227 (4th Cir. 1997) (quoting United States v. Hooker, 841 F.2d 1225, 1228 (4th Cir. 1988)) (other citations omitted).** A review of the indictment

8

herein clearly discloses that "every ingredient" of the crime charged is adequately set forth therein. Petitioner's allegation may be best described as "niggling." **See, United States v. Jones, 308 F.3d 748, 750 (7th Cir. 2002) ("Notice was given, a defense presented, and appropriate [verdict entered].").**

If the Petitioner is contending that the "drug amount findings" made by the Court for sentencing purposes were not adequately supported by the record, this contention likewise fails. There is no authority for the proposition that testimony establishing drug quantity for sentencing purposes must be corroborated or precise. **See, e.g., United States v. Love, 134 F.3d 595, 607 (4th Cir. 1998) (district court may rely on uncorroborative hearsay in determining drug quantity); United States v. Uwaeme, 975 F.2d 1016, 1019 (4th Cir. 1992) (precise calculations of drug quantities not required); Sisk, supra, at 331.**

Petitioner next asserts that the Court committed error in computing his sentence. The Fourth Circuit rejected this claim on direct appeal.

> [Petitioner] argues that the district court committed two errors in computing his sentence. First, [he] claims that the court improperly calculated the quantity of drugs attributable to him. Second, [he] claims that, by refusing to grant a downward departure, the court committed reversible error because his
>
> [Petitioner] controlled the drug distribution operation. In sum,

9

criminal history category over-stated the seriousness of his prior crimes. We *reject each claim.*

***Sisk, supra,* at 330.** Petitioner also asserts that the Court erred in enhancing his sentence based on his role in the offense. This argument was likewise rejected by the Fourth Circuit on direct appeal.

> [Petitioner] challenges the three-level enhancement imposed for his role in the offense. The Guidelines provide for this enhancement when "the defendant was a manager or supervisor and the criminal activity included five or more participants." . . . [Petitioner] argues that he was at most a buyer and a seller of illegal drugs, not a manager or supervisor. . . . [However,] [t]aken together, the evidence established that [Petitioner] controlled the drug distribution operation. In sum, the evidence was sufficient to support the three-level enhancement for [Petitioner's] role in the offense.

***Id.* at 331 (quoting U.S.S.G. § 3B1.1(b)).**

Those issues noted *supra* which have been fully considered on direct appeal and rejected by the reviewing court may not now be recast by the Petitioner under the guise of a collateral attack by way of a motion to set aside or correct his sentence pursuant to § 2255. ***Boeckenhaupt v. United States*, 537 F.2d 1182, 1183 (4th Cir. 1976);** ***United States v. Roane*, 378 F.3d 382, 396 n.7 (4th Cir. 2004),** *cert. denied,* **126 S. Ct. 330 (2005);** ***United States v. Rush*, 99 F. App'x 489 (4th Cir. 2004).** Such claims are, therefore, rejected.

10

The Petitioner further alleges that the unconstitutional enhancements under U.S.S.G. §§ 2D1.1(b) and 3B1.1 violate his Sixth Amendment right because they were not submitted to a jury. The Court construes this claim to be that the Petitioner alleges he is entitled to relief based on the *Apprendi, Blakely,* and *Booker* decisions of the Supreme Court. The Supreme Court held in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), that other than a prior conviction, any fact that increases the penalty for a crime *beyond the prescribed statutory maximum* must be submitted to the jury and proven beyond a reasonable doubt. He is mistaken that *Apprendi* would apply to his case in any event because his sentence is not beyond the prescribed statutory maximum. **See, e.g., United States v. Bradford, 7 F. App'x 222, 223 n.\* (4th Cir. 2001) (citing United States v. White, 238 F.3d 537, 542 (4th Cir. 2001)).**

In *Blakely v. State of Washington*, 542 U.S. 296 (2004), the Supreme Court held that Washington State's statutory sentencing scheme violated *Apprendi* because the sentencing court used aggravating factors, to which the defendant had not stipulated in his plea agreement, to enhance the defendant's sentence above the sentencing guideline range. However, *Blakely* does not apply retroactively to convictions, like the Petitioner's, that

11

were final at the time that case was decided. **United States v. Price, 400 F.3d 844 (10th Cir. 2005); Varela v. United States, 400 F.3d 864 (11th Cir.),** cert. denied, **126 S. Ct. 312 (2005); Cooper-Smith v. Palmateer, 397 F.3d 1236 (9th Cir.),** cert. denied, **126 S. Ct. 442 (2005); Green v. United States, 397 F.3d 101, 103 (2d Cir. 2005); United States v. Marshall, 117 Fed. Appx. 269 (4th Cir. 2004).** The Petitioner's conviction became final on June 7, 2004, when the Supreme Court denied his petition for a *writ of certiorari*; the *Blakely* decision was issued June 24, 2004, and could not be retroactively applied in any event.

Petitioner's claim for relief pursuant to United States v. Booker, 543 U.S. 220 (2005), is rejected as well. In *Booker*, the Supreme Court held that the United States Sentencing Guidelines, as a mandatory sentencing procedure, are unconstitutional but that they may be used as an advisory guide by sentencing courts. The Fourth Circuit, as well as every circuit court which has addressed the issue of whether *Booker* may be applied retroactively to cases on collateral review, has held that *Booker* is not retroactive. **United States v. Morris, 429 F.3d 65 (4th Cir. 2005) (Although Booker is a new rule of constitutional law, it is not a watershed rule and therefore does not apply retroactively to cases on**

collateral review.); *United States v. Fowler*, 133 F. App'x 922 (4th Cir. 2005) ("Neither *Booker* nor *Blakely* announced a new rule of constitutional law made retroactive by the Supreme Court to cases on collateral review."); *United States v. Cruz*, 423 F.3d 1119 (9th Cir. 2005); *United States v. Bellamy*, 411 F.3d 1182 (10th Cir. 2005); *Lloyd v. United States*, 407 F.3d 608 (3d Cir.), *cert. denied*, 126 S. Ct. 288 (2005); *Guzman v. United States*, 404 F.3d 139 (2d Cir.), *cert. denied*, 126 S. Ct. 731 (2005); *Humphress v. United States*, 398 F.3d 855 (6th Cir.), *cert. denied*, 126 S. Ct. 199 (2005); *McReynolds v. United States*, 397 F.3d 479, 481 (7th Cir.), *cert. denied*, 125 S. Ct. 2559 (2005) ("We conclude, then, that *Booker* does not apply retroactively to criminal cases that became final before its release on January 12, 2005."); *Green, supra*; *In re Anderson*, 396 F.3d 1336, 1339 (11th Cir. 2005).

Petitioner presents a litany of other conclusory objections which are not supported by evidence or citations. These objections are devoid of merit and are denied without further discussion.

Finally in his motion to supplement the record, Petitioner objects to the portion of his presentence report proposing a 2-level enhancement for possession of a firearm pursuant to U.S.S.G. § 2D1.1(b)(1). **Petitioner's**

13

**Motion to Supplement the Record, filed August 8, 2005;** see also, **Presentence Investigation Report, prepared May 17, 2002, revised June 27, 2002, ¶ 50.** This objection is patently frivolous.[1] The enhancement was disallowed and stricken by the Court at the sentencing hearing. **Transcript,** supra, **at 10-12.**

Because Petitioner has failed to show that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment," the second prong of Strickland need not be reached. As the Court has found that no grounds have been raised which merit relief, the motion is dismissed based on the record before the Court.

---

[1] Equally frivolous is the Petitioner's request that this Court acknowledge that the Petitioner's co-Defendant/brother, Ventura, was recently resentenced by the undersigned to a term of 73 months imprisonment to correct the Court's prior "improperly imposed sentence" of 360 months. **See Petitioner's Motion to Supplement the Record, at 2.** No such resentencing has occurred.

14
## IV. ORDER

**IT IS, THEREFORE, ORDERED** that the Petitioner's motion to supplement the record is **ALLOWED**, and the Petitioner's motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 is hereby **DENIED**. A Judgment dismissing the action is filed herewith.

Signed: October 31, 2006

*[signature]*

Lacy H. Thornburg
United States District Judge