# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CRIMINAL CASE NO. 1:01-cr-00052-MR-6

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>ESTEBAN GARCIA, SR., )<br>)<br>Defendant. )<br>_____ ) | **O R D E R** |

**THIS MATTER** is before the Court on the Defendant's "Notice of Motion for Complaint of False Imprisonment." [Doc. 544].

In his filing, the Defendant purports to notice for hearing a "motion for complaint of false imprisonment" before this Court. [Doc. 544]. No such motion, however, is pending. Even if such motion had been filed, the Defendant is not entitled to schedule that motion for hearing before this Court. Further, any such "motion for complaint of false imprisonment" would be denied. The Defendant is currently serving a sentence of 262 months' imprisonment [Doc. 324], and his sentence and conviction has been affirmed on appeal [Doc. 384].

To the extent that the Defendant is attempting to challenge the length of his sentence, the Defendant previously raised this issue in a motion arguing that he should be given credit for time served in state custody prior to his conviction. [Doc. 542]. That motion was denied without prejudice due to the Defendant's failure to exhaust his administrative remedies and also because any such motion must be filed in the district of confinement. [Doc. 543]. For the same reasons, the Defendant's motion asserting a claim of false imprisonment must also be denied. See, e.g., United States v. Poole, 531 F.3d 263, 270-71 (4th Cir. 2008) (§ 2241 petition challenging legality of detention must be filed in the district of confinement).

**IT IS, THEREFORE, ORDERED** that the Defendant's "Notice of Motion for Complaint of False Imprisonment" [Doc. 544] is **DENIED**.

**IT IS SO ORDERED.**

Signed: December 14, 2015

Martin Reidinger
United States District Judge